**United States Bankruptcy Court**
**Central District of California**
Los Angeles
Judge Julia Brand, Presiding
Courtroom 1375 Calendar

Tuesday, June 07, 2016                                                        **Hearing Room    1375**

10:00 AM
**2:16-14331    Harry Abramson**                                             **Chapter 13**

Telephonic Hearing ▌

#20.00    Motion for relief from stay [RP]

US BANK NATIONAL ASSOC
VS
DEBTOR

**Gilbert R. Yabes to appear by telephone**

Docket        12

**Tentative Ruling:**

No opposition was filed.

The motion is GRANTED pursuant to 11 U.S.C. §§ 362(d)(1) and (d)(4) to permit movant, its successors, transferees and assigns, to enforce its remedies to repossess or otherwise obtain possession and dispose of its collateral pursuant to applicable law, and to use the proceeds from its disposition to satisfy its claim. Movant may not pursue any deficiency claim against the debtor or property of the estate except by filing a proof of claim pursuant to 11 U.S.C. § 501. Movant is secured by a deed of trust encumbering the debtor's residence. The debtor has not made any post-petition payments. The court finds that the filing of the petition was part of a scheme to hinder, delay <u>and</u> defraud creditors involving a transfer of all or part ownership of, or other interest in, the subject property without the consent of the movant or court approval and multiple bankruptcy filings affecting the subject property. 11 U.S.C. § 362(d)(4). **Appearances waived.**

Movant requests in the motion that "extraordinary relief" be granted by the Court. An order prohibiting for 180 days, or longer, the subsequent filing of a bankruptcy case by the debtor or by another person or entity to whom the subject property may be transferred is in the nature of an injunction not specifically authorized by the Bankruptcy Code. <u>Johnson v. TRE Holdings LLC (In re Johnson)</u>, 346 B.R. 190, 196 (9th Cir. BAP 2006). Nor does there "appear to be direct statutory authority

## United States Bankruptcy Court
## Central District of California
### Los Angeles
### Judge Julia Brand, Presiding
### Courtroom 1375 Calendar

**Tuesday, June 07, 2016**                                                **Hearing Room    1375**

---

<u>10:00 AM</u>
**CONT...        Harry Abramson**                                                                **Chapter 13**

for an order that bans the filing of future bankruptcy cases by other persons, bans automatic stays in future cases, and authorizes the sheriff to ignore a future bankruptcy case when conducting an eviction." <u>In re Van Ness</u>, 399 B.R. 897, 903 (Bankr. E.D. Cal. 2009).  Therefore, a motion is not the appropriate vehicle for obtaining the "extraordinary relief" requested.  Movant must seek this aspect of relief by adversary proceeding.  <u>Johnson</u>, 346 B.R. at 195.  **<u>Accordingly, the movant's request for "extraordinary relief" is denied.</u>**

The Court will not grant movant's request that it be exempt from further compliance with FRBP 3002.1.  Movant must seek this aspect of "extraordinary relief" by adversary proceeding.  <u>Johnson v. TRE Holdings LLC (In re Johnson)</u>, 346 B.R. 190, 195 (9th Cir. BAP 2006).  **<u>Accordingly, the movant's request for this type of "extraordinary relief" is denied.</u>**

The 14-day period specified in FRBP 4001(a)(3) is waived.  This order shall be binding and effective despite any conversion of this bankruptcy case to a case under any other chapter of Title 11 of the United States Code.  The stay having been terminated as to the debtor and no opposition having been filed by the codebtor, movant is granted relief as to any codebtor on the note pursuant to 11 U.S.C. § 1301 (d).  Movant, or its agents, may, at its option, offer, provide and enter into a potential forbearance agreement, loan modification, refinance agreement or other loan workout or loss mitigation agreement.  Movant, through its servicing agent, may contact the Debtor by telephone or written correspondence to offer such an agreement.  Any such agreement shall be nonrecourse unless stated in a reaffirmation agreement.  Provided the order is recorded in compliance with applicable state law, the order granting this motion will be binding and effective in any other case under this title purporting to affect the subject property filed not later than 2 years after the date of entry of the order, except that the debtor in a subsequent case under this title may move for relief from such order based upon changed circumstances or for good cause shown, after notice and a hearing.  11 U.S.C. § 362(d)(4).  **<u>All other relief is denied.</u>**

The movant shall upload an appropriate order via the Court's LOU system.

| **Party Information** |
| --- |

**<u>Debtor(s):</u>**

Harry  Abramson                                                         Pro Se

---

# United States Bankruptcy Court
## Central District of California
### Los Angeles
### Judge Julia Brand, Presiding
### Courtroom 1375 Calendar

**Tuesday, June 07, 2016**                                                                        **Hearing Room      1375**

10:00 AM

**CONT...      Harry Abramson**                                                                                    **Chapter 13**

**Trustee(s):**

Nancy K Curry (TR)                                              Pro Se